UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.  08-CV-60399-Jordan
Magistrate Torres

GREAT LAKES REINSURANCE (UK),
PLC,

       Plaintiff,

vs.

ELAINE Y. ROSIN and BANK OF THE WEST,

       Defendants,

and

ELAINE Y. ROSIN,

       Counterplaintiff,

vs.

T.L. DALLAS (SPECIAL RISKS) LTD., a United
Kingdom legal entity,

       Counterdefendant.
_____/

### DEFENDANT/COUNTERPLAINTIFF ROSIN'S ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM

Defendant/Counterplaintiff ELAINE Y. ROSIN, M.D. (hereinafter "ROSIN") files her Answer and Affirmative Defenses to the Complaint for Declaratory Judgment filed March 20, 2008, and her Counterclaim against GREAT LAKES REINSURANCE (UK), PLC (hereinafter "GREAT LAKES"), a United Kingdom legal entity, and T.L. DALLAS (SPECIAL RISKS) LTD. (hereinafter "T.L. DALLAS"), a United Kingdom legal entity, and states:

- 1 -

1. The allegations in paragraphs 1 and 2 of the Complaint are admitted for jurisdictional purposes only.

2. Paragraphs 3, 11, 18, 22, 24, 25, 28, 30, 31, 32, 33, 34, 35, 38, 39, 40, 41, 42, 43, 44, 45, 48, 49, 50, 51 and 52 of the Complaint are denied.

3. Defendant ROSIN is without knowledge as to the allegations of paragraphs 4, 6, 10, 12, 13, 15, 16, 21, 27, 37 and 47 of the Complaint, and accordingly denies same, demanding strict proof thereof.

4. Paragraph 5 of the Complaint is admitted.

5. Paragraph 7 of the Complaint is denied. In further response thereto, Defendant ROSIN alleges that a "Yacht Application" (a copy of which is attached hereto as Exhibit "1") was a generic form completed by Defendant ROSIN and given to Joe Kolisch, of USI Insurance Services, an insurance broker, for marketing to any potential insurer for the 36-ft Doral motor yacht (hereinafter the "VESSEL") that she was purchasing. The generic form was unaccompanied by any instructions or definitions, and cannot be reconciled to any insurance contract which might thereafter be issued by any insurer, including Plaintiff/Counterdefendant GREAT LAKES, nor Counterdefendant T.L. DALLAS.

6. Paragraph 8 of the Complaint is denied. In further response thereto, Defendant ROSIN alleges that she submitted nothing at all to Plaintiff GREAT LAKES. Upon information and belief, it is alleged that Joe Kolisch, an insurance broker, marketed the generic form attached hereto as Exhibit "1" to several different prospective insurers.

7. Defendant ROSIN is without knowledge as to the allegations of paragraph 9 of the Complaint, and accordingly denies same, demanding strict proof thereof. In further response thereto, Defendant ROSIN alleges that three (3) months after the VESSEL was

damaged on November 3, 2007, insurance broker Joe Kolisch sent her documents in substantially the forms attached as Exhibit "B" to the Complaint, which is a composite, although not so identified by Plaintiff. Even if authenticated by a competent witness, the composite Exhibit "B" to the Complaint does not reflect information supporting the allegations of paragraph 9 of the Complaint.

8. In response to paragraph 14 of the Complaint, Defendant ROSIN alleges that she notified the insurance brokerage of damage to her VESSEL, but was never provided with a claim form. She had never heard of Plaintiff GREAT LAKES, nor had she been provided with the purported insurance contract that is attached as the composite Exhibit "B" to the Complaint until after the damage to the VESSEL. In any event, either Plaintiff /Counterdefendant GREAT LAKES or Counterdefendant T.L. DALLAS commenced investigation of the claim, and otherwise acknowledged coverage.

9. Paragraphs 17 and 29 of the Complaint are denied. In further response thereto, Defendant ROSIN alleges that the generic "Yacht Application" (Exhibit "1" hereto) did not provide nor imply that "undisclosed operators", much less incidental operators, would void any insurance contract thereafter written. In any event, Paul Rosin was not a "regular operator" under any definition of the term.

10. In response to paragraph 19 of the Complaint, Defendant ROSIN states that she makes claim to the proceeds of the insurance-contract limits reflected by the Yacht Application attached hereto as Exhibit "1" against the party or parties determined to be the insurer or otherwise-obligated parties by this Honorable Court.

11. Defendant ROSIN responds to each of the reallegations in paragraphs 20, 26, 36 and 46 of the Complaint in the same way she responds to the original allegations.

12. In response to paragraph 23 of the Complaint, Defendant ROSIN alleges that Plaintiff/Counterdefendant GREAT LAKES's consistent failure to provide valid documentation or communication to ROSIN leaves it unclear whether GREAT LAKES or T.L. DALLAS is an insurer. In any event, Defendant ROSIN makes claim to the proceeds of the insurance-contract limits reflected by the Yacht Application attached hereto as Exhibit "1" against the party determined to be the insurer by this Honorable Court.

13. All allegations in the Complaint not expressly admitted herein are denied.

## AFFIRMATIVE DEFENSES

### First Defense:  Ambiguities construed against the insurer

14. The Complaint alleges that Plaintiff GREAT LAKES is uncertain of its rights and responsibilities to Defendant ROSIN.

15. Any uncertainty on the part of Plaintiff GREAT LAKES arises solely from its own failure to negotiate, offer, or communicate the terms of an unambiguous contract to Defendant ROSIN.

16. Under Florida law, ambiguities of a written insurance contract, to the extent they may exist, are generally construed against the insurer.

### Second Defense:  Ambiguities construed against the drafter

17. The Complaint alleges that Plaintiff GREAT LAKES is uncertain of its rights and responsibilities to Defendant ROSIN.

18. Any uncertainty on the part of Plaintiff GREAT LAKES arises solely from its failure to negotiate, offer, or communicate the terms of an unambiguous contract to Defendant ROSIN.

19. Under Florida law, ambiguities of a written contract, to the extent one may exist, are generally construed against the drafter, or against the party for whose benefit the term in question was inserted into the contract.

### Third Defense:  Estoppel

20. With respect to all of Defendant ROSIN's actions, Plaintiff knowingly and intelligently accepted the benefits thereof (*e.g.,* the insurance premium), and is therefore estopped from complaining of its responsibilities.

### Fourth Defense:  Waiver

21. With respect to all of Defendant ROSIN's actions, Plaintiff knowingly and intelligently waived any objection.

### Fifth Defense: No claim of theft or disappearance of vessel
### (defense to paragraph (A) of Plaintiff's prayer for relief)

22. At no time has Defendant ROSIN claimed that there was a theft or disappearance of the subject VESSEL.  The VESSEL struck an underwater rock formation and was damaged.

23. Indeed, the factual allegations of the Complaint do not state that there was a theft or disappearance.

24. Therefore, Counts I, II, and III of the Complaint herein fail to allege a ground for the relief sought in paragraph (A) of Plaintiff's prayer for relief.

## Sixth Defense: Failure to state a cause of action

### (defense to paragraph (B) of Plaintiff's prayer for relief)

25. Paragraph (B) of Plaintiff's prayer for relief "demands Judgment from the Court: . . . [d]eclaring that Plaintiff's Policy No. 200/658/91059 does not afford any coverage to the Defendants for the alleged damage and/or for the alleged damage [sic] sustained on November 3, 2007 by the vessel referred to herein . . ."

26. The Plaintiff's prayer for relief apparently relates to four Causes of Action, none of which is tied expressly to the relief sought in paragraph (B).

27. Unlike other paragraphs of Plaintiff's prayer for relief, paragraph (B) cannot be tied to any of the counts of the Complaint inferentially or by subject matter. In any event, some of the allegations of the Complaint herein fail to raise a legally cognizable ground for relief at all.

## Seventh Defense: Insured made no warranties

### (defense to Counts I, II, and III and to paragraph (C) of Plaintiff's prayer for relief)

28. Pursuant to Fla. Stat. § 627.409(1), "[a]ny statement or description made by or on behalf of an insured . . . in an application for an insurance policy . . ., or in negotiations for a policy . . ., is a representation and is not a warranty."

29. Therefore, Counts I, II, and III of the Complaint herein fail to raise a legally cognizable ground to void of any insurance contract as sought in paragraph (C) of Plaintiff's prayer for relief.

### Eighth Defense: No causal connection

### (Fla. Stat. § 627.409(1))

30. Defendant ROSIN made no misrepresentations, omissions, concealments of fact, or other incorrect statement in an application for an insurance contract, or in negotiations for an insurance contract.

31. Even if she had made some such misrepresentation, omission, concealment of fact, or other incorrect statement, such would not have prevented recovery under the insurance contract as neither of the circumstances described in Fla. Stat. § 627.409(1)(a) or (b) exists.

### Ninth Defense: No increase of hazard

### (Fla. Stat. § 627.409(2))

32. Defendant ROSIN did not breach or violate any warranty, condition, or provision of any contract of insurance, or application.

33. Even if she had, such breach or violation would not have increased the hazard by any means within the control of ROSIN.

34. Therefore, pursuant to Fla. Stat. § 627.409(2), there is no resulting voiding of the insurance contract or defense to ROSIN's claim thereunder.

## COUNTERCLAIM FOR DECLARATORY RELIEF AND DAMAGES

Counterplaintiff ELAINE Y. ROSIN, M.D. (hereinafter "ROSIN"), sues Counterdefendant GREAT LAKES REINSURANCE (UK), PLC (hereinafter "GREAT LAKES"), a United Kingdom legal entity, and Counterdefendant T.L. DALLAS (SPECIAL RISKS) LTD. (hereinafter "T.L. DALLAS"), a United Kingdom legal entity, and alleges:

### GENERAL ALLEGATIONS

*Jurisdiction and venue*

1. This is an action for declaratory relief pursuant to 28 U.S.C. § 2201, for further relief pursuant to 28 U.S.C. § 2202, and for damages, in which the matters in controversy exceed a value of $75,000.00.

2. The jurisdiction of this Court is invoked on the basis of diversity of citizenship, pursuant to 28 U.S.C. §§ 1332(a) and 1343(4).

3. Counterplaintiff ROSIN is a resident of Broward County, Florida.

4. Counterdefendant GREAT LAKES REINSURANCE (UK), PLC (hereinafter "GREAT LAKES"), and Counterdefendant T.L. DALLAS (SPECIAL RISKS) LTD. (hereinafter "T.L. DALLAS"), are legal entities organized under the laws of the United Kingdom, with their principal places of business in the United Kingdom. The Counterdefendants do substantial business in the State of Florida.

5. All conditions precedent to the bringing of this action have occurred, or have been performed, excused or waived.

### *FACTUAL ALLEGATIONS*

6. In or about 2003, Counterplaintiff ROSIN purchased a 36-foot Doral motorized vessel (hereinafter the VESSEL).

7. At about the time of her purchase of the VESSEL, ROSIN consulted Mr. Joe Kolisch, an insurance broker, regarding the purchase of casualty and liability insurance for the

VESSEL.

8. In or about January 2007, the insurance broker provided ROSIN with a "Yacht Application" in the form attached hereto as Exhibit "1", which ROSIN completed with the assistance of the broker.

9. It is not known who drafted the subject "Yacht Application". It is a generic form, intended for marketing by the broker to potential insurers.

10. The generic "Yacht Application" attached hereto as Exhibit "1" was unaccompanied by any instructions or definitions, and cannot be defined, nor reconciled to any insurance contract which might thereafter be issued by any insurer, including but not limited to, Plaintiff /Counterdefendant GREAT LAKES, nor Counterdefendant T.L. DALLAS.

11. Furthermore, the generic "Yacht Application" did not provide nor imply that "undisclosed operators", much less incidental operators, would void any insurance contract thereafter written.

12. On or about February 1, 2007, Counterplaintiff ROSIN delivered to the insurance broker a check in the sum of $3,892.23, payable to the broker, for an initial insurance premium. The check "memo" states that it was "For [Counterdefendant] T L Dallas Pol 03 Doral". Thus, Counterplaintiff ROSIN's clear intention was to purchase an insurance contract from Counterdefendant TL DALLAS.

13. From the date of her completion of the "Yacht Application" through the date of the accident, Counterplaintiff ROSIN never heard of Plaintiff/Counterdefendant GREAT LAKES, nor had she received any communication from it.

14. Counterplaintiff ROSIN did receive from her insurance broker a two (2)-page document styled "Cover Note" dated February 9, 2007, a copy of which is attached hereto as Exhibit "2", that from all appearances evidenced that marine insurance had been provided by Counterdefendant TL DALLAS.

15. There is no mention of Counterdefendant GREAT LAKES on Exhibit "2", save the following near the bottom:

>Security as approved and agreed by you:
>>Hull:  100% Great Lakes Reinsurance (UK) PLC.
>>P&I:  100% Great Lakes Reinsurance (UK) PLC.

16.     The foregoing-quoted mention did not provide intelligible notice of any obligation to Counterplaintiff ROSIN undertaken by Counterdefendant GREAT LAKES.

17.     Exhibit "2" is unsigned by any official for Counterdefendants, nor for any other insurer, despite the provision of a signature blank "For and on behalf of Participating Underwriters".

18.     Exhibit "2" does not identify the "Participating Underwriters".

19.     All of the apparent defects described in paragraphs 14 through 18 hereinabove are present in the analogous portion of the composite Exhibit "B" attached to GREAT LAKES's Complaint (D.E. 1, pages 20 and 21).

20.     In about early November 2007, Counterplaintiff was at her home in Ohio, and received advice from a boat-maintenance expert that her VESSEL, docked in Boca Raton, required immediate maintenance for the hull, including but not limited to bottom-painting, and that it could not wait for her arrival in Florida.

21.     On or about November 3, 2007, Counterplaintiff ROSIN requested her son, Paul Rosin, to drive the VESSEL from Boca Raton to a shipyard in Fort Lauderdale for the needed maintenance.

22.     While Paul Rosin was driving the boat on the New River on his way to procure the urgent maintenance, the VESSEL's propeller and rudder struck an underwater rock formation, and the VESSEL subsequently sunk.

23.     Counterplaintiff ROSIN notified the insurance broker of the loss, and upon information and belief, ROSIN alleges that in turn, the broker notified the Counterdefendants TL

DALLAS and GREAT LAKES.

24.  Counterdefendants TL DALLAS or GREAT LAKES initiated an investigation of the circumstances of the loss.

25.  After several requests and more than three (3) months after the loss, in March 2008, the insurance broker faxed to Counterplaintiff ROSIN a copy of the purported "policy", in substantially the form represented by a portion of the composite Exhibit "B" attached to GREAT LAKES's Complaint (D.E. 1, pages 23 through 35).  Counterplaintiff had never before seen the said purported "policy."

26.  Said purported "policy" (D.E. 1, pages 23 through 35) makes no mention whatsoever of Counterdefendant GREAT LAKES, but does evidence liability on the part of Counterdefendant TL DALLAS inasmuch as the footer on each page notes a form-identification number of "TLD/5/PPO", and the final page states that

> This wording is the property of T L Dallas (Special Risks) Ltd and may not be reproduced wholly or in part by any means whatsoever without the express written permission of T L Dallas (Special Risks) Ltd.  T L Dallas (Special Risks) Ltd will seek legal redress from any person or prsos ound to have infringed their copyright.

27.  As a legal result of the foregoing, either or both of Counterdefendants TL DALLAS and GREAT LAKES is liable to Counterplaintiff ROSIN according to the terms of a marine-insurance contract that are to be determined by:

    a.  The contents of Exhibit "1" hereto, construed in accordance with Florida law, with all ambiguities resolved against Counterdefendants TL DALLAS and GREAT LAKES; and

    b.  The contents of Exhibit "2" hereto, construed in accordance with Florida law, with all ambiguities resolved against Counterdefendants TL DALLAS and GREAT

LAKES.

28. Any remaining essential terms of the contract must be determined by the application of general Florida insurance and contract law.

29. On March 21, 2008, over four (4) months after the loss, Counterdefendant GREAT LAKES claimed that it, not Counterdefendant TL DALLAS, was the insurer, and disclaimed liability based on defenses not supported by Exhibits "1" nor "2" hereto nor by law.

## LEGAL BASIS FOR DECLARATORY JUDGMENT
## and FURTHER RELIEF

30. With respect to the matters alleged in this Complaint,

    a. there is a bona fide, actual, present and practical need for the requested declaration;

    b. the requested declaration deals with present, ascertained and ascertainable states of facts and present controversies as to a state of facts;

    c. the power, privileges and rights of Counterplaintiff ROSIN are dependent upon the facts and the law applicable to the facts;

    d. Counterdefendant GREAT LAKES and Counterdefendant T.L. DALLAS have an actual, present, adverse and antagonistic interest in the subject matter;   and

    e. the antagonistic and adverse interests will all be before the court by proper process and the relief sought is not merely the giving of legal advice by the courts or the answer to questions propounded from curiosity.

## COUNT I:  Declaratory Judgment (28 U.S.C. § 2201)

31. Counterplaintiff ROSIN repeats and realleges the allegations set forth hereinabove in Counterclaim paragraphs 1 through 30.

32. Counterplaintiff ROSIN seeks a declaration that either or both of

Counterdefendants TL DALLAS and GREAT LAKES are liable to Counterplaintiff ROSIN according to the terms of a marine-insurance contract determined by:

    a.    The contents of Exhibit "1" hereto, construed in accordance with Florida law, with all ambiguities resolved against Counterdefendants TL DALLAS and GREAT LAKES;

    b.    The contents of Exhibit "2" hereto, construed in accordance with Florida law, with all ambiguities resolved against Counterdefendants TL DALLAS and GREAT LAKES; and

    c.    with any remaining essential terms of the insurance contract determined by the application of general Florida insurance and contract law.

33.    Counterplaintiff ROSIN further seeks a declaration that the entity or entities declared to be the insurers of the subject VESSEL is or are fully liable to the Counterplaintiff to the extent of the policy limits, without valid defenses thereto.

WHEREFORE, Counterplaintiff ROSIN, respectfully requests that this Honorable Court issue the declaration described in paragraphs 32 and 33 hereinabove, and that costs be awarded to Counterplaintiff ROSIN.

### COUNT II: Relief Ancillary to Declaratory Judgment (28 U.S.C. § 2202)

34.    Counterplaintiff ROSIN repeats and realleges the allegations set forth hereinabove in Counterclaim paragraphs 1 through 33.

35.    Upon issuance of a declaratory judgment herein, Counterplaintiff ROSIN is entitled to further relief pursuant to 28 U.S.C. § 2202, in the form of a judgment in the sum of $175,500.00, plus costs, against either or both of Counterdefendants TL DALLAS and GREAT

LAKES.

WHEREFORE, Counterplaintiff ROSIN, respectfully requests that this Honorable Court enter judgment as described in paragraph 35 hereinabove, and that costs be awarded to Counterplaintiff ROSIN.

### COUNT III:  Breach of Contract

36. Counterplaintiff ROSIN repeats and realleges the allegations set forth hereinabove in Counterclaim paragraphs 1 through 33.

37. Both Counterdefendants TL DALLAS and GREAT LAKES entered into a contract to provide insurance to Counterplaintiff ROSIN covering losses associated with the subject VESSEL.

38. Both Counterdefendants TL DALLAS and GREAT LAKES have breached the contract to provide insurance to Counterplaintiff ROSIN by failing and refusing to pay ROSIN to the limits of the subject contract.

WHEREFORE, Counterplaintiff ROSIN, respectfully requests that this Honorable Court enter judgment in the sum of $175,500.00, plus costs, against both Counterdefendants TL DALLAS and GREAT LAKES, jointly and severally;  and furthermore,

PURSUANT TO FLA. STAT. § 627.428, Counterplaintiff ROSIN, respectfully requests an award of a reasonable sum as fees or compensation for her attorney prosecuting the above-captioned suit, and that such award be included in the final judgment or decree herein.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 21, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                      s/James W. Beagle

## SERVICE LIST

Great Lakes Reinsurance (UK) plc. v. Rosin, et al.
Case No.  08-CV-60399-Jordan
Magistrate Torres
United States District Court Southern District of Florida

James W. Beagle, Esq.
jb@beagleesq.com
James Beagle, P.A.
110 East Broward Boulevard, #1700
Fort Lauderdale, FL  33301
Telephone:  (305) 935-3934
Fax:  (305) 935-1254
Florida Bar no. 521418
Counsel for Defendant ROSIN
[Via electronic filing]

Steven E. Goldman, Esq.
Goldman & Hellman
800 S.E. 3rd Avenue
Fort Lauderdale, FL  33316
Florida Bar no.
Telephone:  (954) 356-0460
Fax:  (954) 832-0878
Counsel for Plaintiff, GREAT LAKES
[Via electronic filing]