UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY

GREAT LAKES REINSURANCE
(UK)PLC,

     Plaintiff,

                          CASE NO. 08-CIV-60399-JORDAN

vs.

                          Magistrate Judge Torres

ELAINE Y. ROSIN *et al*,

     Defendants.

_____/

### PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
### TO THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

COMES NOW the Plaintiff, GREAT LAKES REINSURANCE (UK) PLC, by and through its undersigned attorneys, and pursuant to the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of Florida files this its Memorandum of Law in Opposition to the Defendant's summary judgment motion, and further thereto would respectfully state as follows:

### RULE 7.5(B) STATEMENT OF MATERIAL FACTS IN DISPUTE

Plaintiff Great Lakes Reinsurance (UK) plc contends that the following from Defendant's Statement of Material Facts Relevant to Her Motion for Final Summary Judgment are either in dispute or else not supported by specific reference to the record, pleadings, depositions, etc. Paragraph numbers refer to the Defendant's "Verified Statement of Material Facts Relevant to Her Motion for Final Summary Judgment."

8. Contrary to the self-serving assertion in Defendant's pleading, there is compelling evidence that Paul Rosin was indeed a

regular operator of his mother's vessel, as he provided a recorded statement to Plaintiff's investigators in which he stated that he had operated her vessel 40 to 50 times (Depo. of P. Rosin, pp. 27-28). Mr. Rosin contradicted this assertion when he was placed under oath and deposed, and for the sole purpose of its own summary judgment motion which is based solely upon breach of an express warranty that nobody other than Elaine Rosin would operate the vessel, the Plaintiff accepts that Paul Rosin had the drastically limited experience in operation of the insured vessel that he testified to in deposition.

12.  Contrary to the self-serving assertion in Defendant's pleading, if Paul Rosin had indeed operated the insured vessel 40 or 50 times, as he readily admitted in his recorded statement at a point when he could not have realized that such an admission would prejudice his mother's insurance coverage, rather than the 2 or 3 times that he insisted upon in deposition, then there is indeed a disputed factual issue regarding whether Paul Rosin was going to be a regular operator of the vessel.

14.  Florida state law does not require any demonstration of a causal connection where a breach of warranty is concerned, and Paul Rosin's own testimony regarding his alleged limited experience in operating the vessel and his admitted lack of familiarity with the vessel is more than sufficient to establish an increase in hazard.

## LEGAL ARGUMENT

Plaintiff did not seek a summary judgment ruling in its favor regarding the issue of non-disclosure of Paul Rosin as a regular operator of the vessel for one simple reason. It is respectfully submitted that this same simple reason must also be sufficient to prevent an award of summary judgment to the Defendant on that same issue. There is a real factual dispute with regard to Paul Rosin's history and frequency of operation of the vessel owned by the Defendant, since Mr. Rosin first stated (in a recorded statement) that he had operated the vessel 40 or 50 times and on that basis was so frequent an operator as to be "very familiar" with the vessel. However, Paul Rosin later (under oath) changed that story to the point where he claimed that he had only operated the vessel 2 or 3 times and was at best merely "familiar" with the vessel that he was in control of at the time that he ran it aground.

It has been and it remains Plaintiff's contention that there is record evidence, sufficient to avoid a summary judgment and requiring a trial, showing that Paul Rosin was indeed a regular operator of the vessel. As stated in his affidavit, Plaintiff's underwriter would never have agreed to issue a policy of marine insurance to the Defendant if she had disclosed the material fact that Paul Rosin was going to be at the helm of the insured vessel, due to Paul Rosin's history as referenced in Mr. Usher's affidavit (Aff. of B.A. Usher, para. 32, 33). The Defendant's failure to

3

disclose that Paul Rosin would be operating the vessel so extensively, as Mr. Rosin himself admitted in his recorded statement when he had no reason to fear accurate disclosure of his history and usage of the vessel, resulted in Plaintiff's decision to issue the policy.

The caselaw on the subject is familiar and well established, such that Plaintiff's Choice of Law clause requires its application to this litigation. Since this aspect of the case turns upon the legal effect of erroneous information submitted to a marine underwriter on an application, "[t]he central issue in this litigation rests upon the application of the federal admiralty law principle of *uberrimae fidei*, rather than any issue of Florida state law." *Great Lakes Reinsurance (UK) plc v. Zielinski*, 2007 A.M.C. 1947, at 1949 (M.D. Fla. 2007). It has been recognized that the legal principles and effects of *uberimmae fidei*, or "utmost good faith," are the settled and recognized law binding on all district courts within the 11th Circuit. *See, HIH Marine Service, Inc. v. Fraser*, 2000 A.M.C. 1817 (11th Cir. 2000); *Jackson v. Leeds Diamond Corp.*, 767 F.Supp. 268 (S.D. Fla. 1991) holding that the marine insurance doctrine of *uberrimae fidei* is well established and entrenched federal precedent.

The seminal federal case on the subject remains that of *Gulfstream Cargo Ltd. v. Reliance Insurance Co.*, 409 F.2d 974 (5th

4

Cir. 1969) in which the United States Court of Appeals for the Fifth Circuit stated that "[n]othing is better established in the law of marine insurance than that a mistake or commission material to a marine risk, whether it be willful or accidental, or result from mistake, negligence or voluntary ignorance, avoids the policy." *Id.*, 980. So the Plaintiff submits that it was incumbent upon Elaine Rosin to disclose that her son was going to be a regular operator of the vessel, in order to allow Mr. Usher the opportunity to review and evaluate the potential risk presented by such a person as a regular operator. This responsibility cannot be evaded or avoided by the convenient expedient of contending that non-disclosure was unintentional or accidental. It cannot be evaded or avoided by contending that she did not know that Paul Rosin was in fact operating her vessel with the degree of frequency which he first admitted to in his recorded statement.

Neither can the Defendant avoid the burdens of *uberrimae fidei* by asserting that she asked her broker and only failed to mention Paul Rosin because Joe Kolisch told her what to do. The latter was clearly acting as the Defendant's agent in seeking to obtain the Quotation and ultimately the policy that afforded coverage on the vessel owned by Elaine Rosin, and the cases illustrate that an insurer may void the policy even where the failure to disclose material facts was the result of actions by a person acting "on behalf of" the actual insured. *See, e.g., Royal Insurance Co. of*

5

*America v. Cathy Daniels, Ltd.*, 684 F.Supp. 786 (S.D.N.Y. 1986) holding that a marine insurance broker's failure to disclose material facts will result in coverage being voided. *See also, Underwriters at Lloyd's v. Giroire*, 1998 A.M.C. 2153 (S.D. Fla. 1998); *Underwriters at Lloyd's v. Kenney,* 1997 A.M.C. 2373 (S.D. Fla. 1997).

As noted, there remains a factual dispute regarding Mr. Rosin's frequency of operating the vessel, with one version that he provided being that he rarely if ever was at the helm while another version was that he was quite frequently at the helm. In one version, Mr. Rosin was "very familiar" with his mother's vessel, while in another version he described that as an unfortunate "exaggeration." This alone precludes summary judgment, and for that reason the Plaintiff is not seeking this Court's rescission of the policy on the same grounds.

Therefore, Plaintiff has clearly rejected the Defendant's claim for the reason that the post-incident investigation revealed that facts material to the underwriting decision had not been revealed. There is what Plaintiff submits is compelling evidence that Paul Rosin was a ***regular operator*** of the vessel insured under Plaintiff's policy of marine insurance. That there is contradictory evidence, *i.e.*, that Paul Rosin claimed in his deposition that he had "exaggerated" his usage of the vessel does not mean that his

6

earlier statements can be ignored, and it certainly does not mean that summary judgment can be awarded to the Defendant. All it means is that a trial is required, **_as to this single cause of action only_**, in order to sort out the disputed facts and in order to evaluate the credibility of Paul Rosin on the issue of the frequency of his use of the vessel.

In addition, summary judgment cannot be awarded to the Defendant because Plaintiff has itself sought that same relief on the basis of a completely different cause of action. Plaintiff **_is_** seeking summary judgment by asserting that breach of the Named Operator Warranty set forth in the policy voids all coverage. As set forth in greater detail and at some length in Plaintiff's motion papers, the policy contains an express warranty according to which coverage exists only when a "covered person" is operating the vessel. The policy defines such a "covered person" as "you, or any person detailed on your application form which as been submitted and approved by us." Since it is undisputed that Paul Rosin was operating the vessel, and that he was not a "covered person," Plaintiff is seeking summary judgment on the basis of familiar and well established principles of either federal admiralty law or of New York State law according to which such a breach of this express warranty renders coverage void.

Even under Florida state law, which Plaintiff is arguing

cannot apply since the policy contains a valid and enforceable Choice of Law clause, all that Plaintiff need demonstrate is that operation of the vessel by Paul Rosin increased the hazard of the event that occurred. As set forth in greater detail and at some length in Plaintiff's motion papers, the stark contrast between the background, history and nautical qualifications of Elaine Rosin and Paul Rosin is quite sufficient to satisfy the minimal threshold for voiding coverage which is set forth in Fla. Stat. sec. 627.409(2).

As noted, for the sole purpose of Plaintiff's own summary judgment motion, Plaintiff will stipulate that Paul Rosin had the extraordinarily limited experience in operating this vessel to which he testified under oath and which the Defendant is herself alleging. However, in responding to the Defendant's summary judgment motion, it remains Plaintiff's contention that there is evidence at least sufficient to call into question Paul Rosin's credibility and to therefore require a trial on the issue of whether facts material to the underwriters' decision were concealed. Such concealment or non-disclosure need not be knowing or intentional on the part of the Defendant, but result from "mistake, negligence or voluntary ignorance." Any conversation that Elaine Rosin may have allegedly had with her own broker, in which Kolisch assuaged her concerns with regard to disclosing potential operators other than herself, cannot be imputed to the Plaintiff,

8

*see, e.g., Jefferson Ins. Co. v. Roberts*, 349 F.Supp.2d 101 (D. Mass. 2004).


   WHEREFORE, Plaintiff prays that the Court will enter its Order denying the Defendant's motion for summary judgment, along with all such other and further relief as the Court may deem proper in the premises.


Dated:      April 10, 2009
            Fort Lauderdale, Florida


                              GOLDMAN & HELLMAN
                              Attorneys for Plaintiff
                              800 S.E. 3rd Avenue
                              4th Floor
                              Fort Lauderdale, Florida 33316
                              Tel - (954)356-0460
                              Fax - (954) 832-0878


                              By:   /s/ Steven E. Goldman
                                    STEVEN E. GOLDMAN, ESQ.
                                    FLA. BAR NO. 345210


                        CERTIFICATE OF SERVICE

                                  9

I HEREBY CERTIFY that on April 10, 2009 the foregoing was filed electronically with the Clerk of the Court utilizing the CM/ECF system which will send a Notice of Electronic Filing to the following:

James W. Beagle, Esq.
3550 N.W. 9th Ave., Suite A
Fort Lauderdale, FL 33309

GOLDMAN & HELLMAN
Attorneys for Plaintiff
800 S.E. 3rd Avenue
4th Floor
Fort Lauderdale, Florida 33316
Tel – (954) 356-0460
Fax – (954) 832-0878


By:   /s/ Steven E. Goldman
        STEVEN E. GOLDMAN, ESQ.
        FLA. BAR NO. 345210