UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 08-60399-CIV-JORDAN

| | |
|---|---|
| GREAT LAKES REINSURANCE (UK), PLC, | ) ) |
| Plaintiff | ) ) |
| vs. | ) ) |
| ELAINE Y. ROSIN and BANK OF THE WEST, | ) ) ) |
| Defendants | ) ) |
| ELAINE Y. ROSIN, | ) ) |
| Third Party Plaintiff | ) |
| vs. | ) ) |
| T.L. DALLAS (SPECIAL RISKS) LTD. | ) ) |
| Third Party Defendant | ) ) |

**ORDER ON MOTIONS FOR SUMMARY JUDGMENT & ORDER SETTING TRIAL DATE**

For the reasons which follow, Great Lakes' motion for summary judgment [D.E. 18] and Ms. Rosin's motion for summary judgment [D.E. 39] are DENIED. T.L. Dallas' motion for summary judgment [D.E. 19] is GRANTED.[1]  Ms. Rosin's motion for leave to file a supplemental response to matters raised at oral argument [D.E. 61] is GRANTED.

As to Great Lakes' motion for summary judgment, my initial views are as follows. In determining what law should be applied to the scope and effect of the operator warranty, I must apply federal admiralty conflict of laws principles, *see Cooper v. Meridian Yachts, Ltd.,* 2009 WL 2146388, *5 (11th Cir. 2009), which normally call for the application of the law where the contract was made, *see, e.g., Hercules, Inc. v. Stevens Shipping Co.,* 629 F.2d 418, 421 n.6 (5th Cir. 1980);

---

[1] Ms. Rosin withdrew her claims against T.L. Dallas and her objection to entry of summary judgment in favor of T.L. Dallas.

*S.C. Loveland, Inc. v. East West Towing, Inc.,* 608 F.2d 160, 164 (5th Cir. 1979). Here, of course, there is a choice of law provision, and the general rule is that such a provision in a marine insurance contract will be applied unless the state in question "has no substantial relationship to the parties or the transaction or the state's law conflicts with the fundamental purpose of maritime law." *See Stoot v. Fluor Drilling Services Services, Inc.,* 851 F.2d 1514, 1517 (5th Cir. 1988). *Accord Hawkspere Shipping Co. Ltd. v. Intamex, S.A.,* 330 F.3d 225, 233 (4th Cir. 2003); *Chan v. Society Expeditions, Inc.,* 123 F.3d 1287, 1297 (9th Cir. 1997); *Neely v. Club Med Management Services, Inc.,* 63 F.3d 166, 197 n.36 (3rd Cir. 1995) (*en banc*); *Milanovich v. Costa Crociere, S.p.A.,* 954 F.2d 763, 766-68 (D.C. Cir. 1992). That would mean that federal admiralty law would be applied if there was established and entrenched federal precedent, and if not, New York law would be applied. In light of *Wilburn Boat Co. v. Fireman's Fund Ins. Co.*, 348 U.S. 310 (1955), and despite recent Eleventh Circuit cases, I am not sure there is a federally entrenched and established admiralty rule concerning the effect of a breach of a warranty in a marine insurance policy. If no such established and entrenched federal rule exists, New York law would then apply, but there are no undisputed facts in the record concerning what connection New York has to Great Lakes or to this transaction. Without such facts, I cannot rule as a matter of law that the choice of law provision is enforceable, or that New York law applies.

As to Ms. Rosin's motion for summary judgment, there are material issues of fact as to whether Ms. Rosin understood and believed that she only had to list "regular" operators, because the yacht application states that "all operators must be detailed," and the policy language indicates that a "covered person" is Ms. Rosin and any other person declared to be an operator of the vessel. Despite my doubts about the legal effect of Ms. Rosin's understanding (or misunderstanding), I think it best to hear testimony on the issue, and then decide its legal effect, if any.[2] Furthermore, Ms.

---

[2] Contrary to Ms. Rosin's argument, I do not believe the term operator is ambiguous, *see Gfroerer v. Ace Am. Ins. Co.*, 2005 AMC 404, 2004 U.S. Dist. LEXIS 27450, at *13 (W.D.N.Y. 2004) (granting summary judgment to insurer because "operated by" in the named operator warranty was not reasonably susceptible to any meaning but "actually driving" and is, therefore, unambiguous), *aff'd* 184 Fed. Appx. 26, 26 (2d Cir. 2006), and Mr. Kolish's knowledge is likely imputed to Ms. Rosin. *See Jefferson Ins. Co. v. Cassella*, 2004 A.M.C. 1443, 2003 U.S. Dist. LEXIS 25820, at *8-*9 (E.D.N.Y. 2003) (in reconsidering its order on the motion for summary

Rosin is not entitled to summary judgment even if Florida law applies.

Under Fla. Stat. § 627.409(2), a breach of a warranty in a marine insurance policy does not void the policy unless such a breach increased the hazard by any means within the control of the insured. In marine insurance cases, whether the a breach of a warranty increased the hazard is not necessarily a question of fact. *See Clarendon America Ins. Co. v. Bayside Restaurant, LLC*, 567 F. Supp. 2d 1379, 1386-87 (M.D. Fla. 2008) (in ruling on the motions for summary judgment, the court held that the insured's breach of warranty materially increased the risk); *AXA Global Risks (UK), Ltd. v. Webb*, 2000 WL 33179617, at *2 (M.D. Fla. July 28, 2000) (granting insurer's motion for summary judgment and holding that the breach and misrepresentation increased the hazard insured against). Nevertheless, the insurer bears the burden of proving that the insured increased the hazard. *See Clarendon*, 567 F. Supp. 2d at 1385; *Florida Power & Light Co. v. Foremost Ins. Co.*, 433 So.2d 536, 536-37 (Fla. 4th DCA 1983). Given Paul Rosin's relative lack of experience in operating the vessel, his lack of training, and his citation for reckless operation of a watercraft, I cannot say as a matter of law that the breach of warranty here did not increase the hazard. In fact, I think it is likely that the opposite is true.

In sum, Ms. Rosin has a serious uphill climb in this case, but on this record I do not believe that the summary judgment motions of Great Lakes and Ms. Rosin should be granted.

**A bench trial is set for the two-week period beginning on August 17, 2009. Calendar call is set for August 11, 2009, at 9:00 a.m.**

DONE and ORDERED in chambers in Miami, Florida, this 31st day of July, 2009.

_____
Adalberto Jordan
United States District Judge

Copy to:    All counsel of record

---

judgment the court imputed the broker's knowledge of the named operator warranty to the insured, despite the insured's lack of actual notice of the warranty). *Cf. Steele v. Jackson Nat. Life Ins. Co.*, 691 So.2d 525, 527 (Fla. 5th DCA 1997) ("The general rule is that an independent agent or broker acts on behalf of the insured rather than the insurer.").