```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA
                            IN ADMIRALTY
```

GREAT LAKES REINSURANCE
(UK)PLC,

    Plaintiff,

vs.                                  CASE NO. 08-CIV-60399-JORDAN

                                       Magistrate Judge McAliley

ELAINE Y. ROSIN, *et al*,

    Defendants.
_____/

## PLAINTIFF'S SUPPLEMENT TO TRIAL BRIEF

COMES NOW the Plaintiff, GREAT LAKES REINSURANCE (UK) PLC, by and through its undersigned attorneys, and files this Supplement to its Trial Brief:

Plaintiff has cited this Court to numerous cases demonstrating that this litigation should be resolved on the basis of New York State law, under the clear and unambiguous terms of the Choice of Law clause contained in the policy of marine insurance. Plaintiff has cited this Court to two (2) very recent federal district court cases in which this precise Choice of Law clause was approved and relied upon in order to reach summary judgment Orders in favor of Great Lakes Re. *See, Great Lakes Reinsurance v. Sea Cat I, LLC*, 2009 WL 2778754, ____ F.Supp.2d _____ (W.D. Okla. 2009); *Great Lakes Reinsurance (UK) plc v. Southern Marine Concepts, Inc.*, 2009 A.M.C. 1093 (S.D. Tex. 2008).

Now, on Friday, October 9, 2009, the United States Court of Appeals for the 5th Circuit issued its ruling in the case of *Great*

*Lakes Reinsurance (UK) plc v. Durham Auctions, Inc.,* Case No. 08-60898, a courtesy copy of which is attached hereto, reversing an Order by the Southern District of Mississippi in which the latter had refused to apply the Choice of Law clause, the district court judge having stated that "the parties have not made it sufficiently clear that New York has any substantial relationship to the parties or the transaction, or that there is any other reasonable basis for this choice of law." Pg. 5-6.

The unanimous three (3) judge panel of the 5th Circuit held that under the choice-of-law rules governing admiralty actions, the burden was squarely on the insured to rebut the presumption that any Choice of Law clause in the policy was valid:

> We hold that Durham has not carried its burden of showing that application of New York law, as provided in the policy, would be unreasonable or unjust. There is no showing that the fact that Great Lakes, a United Kingdom entity whose most substantial relationship in the United States is with New York, where it maintains its agent for service of process (as also reflected in the policy) and its United States Trust Fund account, does not constitute a reasonable basis for the choice of New York law to govern its marine insurance policy providing hull coverage to an ocean going vessel expected to travel up to 100 miles offshore along the United States Gulf Coast and the Gulf of Mexico.

Pg. 13.

Plaintiff in the case going to trial on Monday, October 19, 2009 has made this precise same showing of the reasonable basis for

selecting the law of New York, and now, on the added basis of the decision in *Great Lakes Reinsurance (UK) plc v. Durham Auctions, Inc.,* it is respectfully submitted that this Court should follow the path already provided by other cases, such as *AGF Marine Aviation & Transport v. Cassin*, 544 F.3d 255 (3rd Cir. 2008) and *Chiariello v. Great Lakes Reinsurance (UK) plc*, 2006 A.M.C. 2135 (N.D. Cal. 2006). Accordingly, Plaintiff will ask this Court to enter Judgment holding that the clear breach of the policy's Named Operator Warranty voids coverage under **both** Florida and New York law.


Dated:    October 14, 2009
          Fort Lauderdale, Florida


                              GOLDMAN & HELLMAN
                              Attorneys for Plaintiff
                              800 S.E. 3rd Avenue
                              4th Floor
                              Fort Lauderdale, Florida 33316
                              (954)356-0460

                              By:   /s/ Steven E. Goldman
                                    STEVEN E. GOLDMAN, ESQ.
                                    FLA. BAR NO. 345210

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on October 14, 2009 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to each of the following:

James W. Beagle, Esq.
3550 N.W. 9th Avenue, Suite A
Fort Lauderdale, FL 33309

                            GOLDMAN & HELLMAN
                            Attorneys for Plaintiff
                            800 S.E. 3rd Avenue
                            4th Floor
                            Fort Lauderdale, Florida 33316
                            (954)356-0460

                        By:   /s/ Steven E. Goldman
                                STEVEN E. GOLDMAN, ESQ.
                                FLA. BAR NO. 345210